Sullivan,
No. 4314.

EUGENE O. ISABELLE

*v.*

HERBERT C. CARNES.

Argued June 1, 1954.

Decided July 30, 1954.

*Upton, Sanders, & Upton* (*Mr. Frederic K. Upton* orally), for the plaintiff.

*Jacob M. Shulins* and *Richard C. Duncan* (*Mr. Duncan* orally), for the defendant.

GOODNOW, J. The sole question raised by the defendant before us by his exceptions to the denial of his motions for a nonsuit and directed verdict is whether it conclusively appears from the evidence that the plaintiff failed to comply with the law of the road at intersections (R. L., c. 90, *pt.* 20, *s.* 3, as inserted by Laws 1945, *c.* 188), and thereby· caused the collision. It is the defendant's

position that there was no basis upon which the plaintiff, as the less favored driver, "could reasonably have believed that he, in the exercise of due care, could pass through the intersection without interfering with the progress of the other car at a reasonable and lawful speed." *Roy* v. *Levy,* 97 N. H. 36, 37. In determining this question, the evidence as to the plaintiff's conduct is to be considered most favorably to the plaintiff, for whom the jury returned its verdict. *Naramore* v. *Putnam,* 99 N. H. 175.

The scene of the collision was the junction of Route 103 and Penacook Road, both public highways in Hopkinton. Route 103, upon which the plaintiff was traveling, runs approximately east and west between Concord and Claremont and was a heavily traveled main highway at the time of the accident. The defendant was driving on Penacook Road, a much less traveled black top road which intersects Route 103 from the northwest, the angle between the northerly side of Route 103 and the northeast side of Penacook Road being obtuse. Visibility at the intersection was limited by an embankment on the northerly side of Route 103 and a growth of bushes and trees along the northeasterly side of Penacook Road so that a motorist entering the intersection from Penacook Road could not get an unobstructed view to the east along Route 103 until he reached a point forty feet from the edge of the intersection and for one approaching the intersection from the east on Route 103, a vehicle on Penacook Road would not become visible until it was within forty feet of the intersection. The accident occurred at about 4 P. M. on a bright, clear day.

The plaintiff was driving westerly on Route 103 towards his home in Claremont. The defendant was driving southeasterly on Penacook Road intending to turn east on Route 103 towards Concord. There was evidence that the plaintiff was traveling at a speed of about 35 miles per hour prior to reaching the scene of the accident. When he was about 75 or 100 feet from the intersection, he first saw defendant's car approaching from his right on Penacook Road. He estimated that it was then about 35 feet from the intersection but could give no estimate of its speed.

The plaintiff knew the law of the road at intersections (R. L., *c.* 90, *pt.* 20, *s.* 3, *supra.*) which provides that when "a person traveling on a highway with a vehicle approaches an intersecting way . . . he shall grant the right of way, at the point of intersection, to vehicles approaching from his right, provided that such vehicles

are arriving at the point of intersection at approximately the same instant." Under this statute, the plaintiff as the driver in the less favored position, had the duty to grant the right of way to the defendant unless a man of reasonable prudence in his position "would reasonably have concluded that he could pass the intersection without danger of collision." *Gendron* v. *Glidden,* 84 N. H. 162, 168.

When the plaintiff first saw the defendant approaching the intersection, he observed that his car was at least twice as far from it as the defendant's but he made no estimate of the speed at which the defendant's car was traveling. On the basis of this limited observation, the only reasonable conclusion he could then draw would be that he would have to yield the right of way and that a failure to do so would cause a collision. He claims, however, that immediately thereafter the situation changed so as to warrant the reasonable belief that he could pass through the intersection without danger of collision.

When he first saw the defendant's car, each car was clearly visible to the driver of the other. The plaintiff had his foot on the brake pedal and immediately applied the brakes and blew his horn twice in a clearly audible manner. The defendant's automobile then slowed down. At this moment the plaintiff was approximately 60 feet from the intersection and could have stopped his automobile in time to avoid a collision. Instead, believing that the defendant intended to stop and permit him to pass through, the plaintiff released his brakes and coasted toward the intersection. As he approached and was "almost up to it," the defendant's automobile, without any warning by horn or other signal, suddenly picked up speed and "shot out" into Route 103. The plaintiff swerved to his left, jammed on his brakes and was "pretty near stopped" on his left side of Route 103 when the defendant's car struck his, traveling at about 25 or 30 miles per hour.

The defendant, relying on *Pickard* v. *Morris,* 91 N. H. 65, contends that the situation did not so change after the plaintiff first saw the defendant as to warrant a reasonable belief by the plaintiff that he could pass through the intersection without danger of a collision. In the *Pickard* case, the only existent factor upon which the plaintiff claimed to have relied was the mere slowing down of the other car and it was held as a matter of law that his conclusion that the defendant had the intention of yielding his

right of way was based on guess rather than on reason. As was indicated in that opinion, his judgment might "have been justified if he had observed some other factor that reasonably indicated such an intention." *Id.*, 69.

In contrast to the situation in the *Pickard* case where the intersecting highways were each heavily traveled main highways, Route 103 on which the plaintiff in this case was traveling was a main highway and Penacook Road was a lightly traveled side road. While it is true that the right of way statute is general in its application, without regard to the comparative traffic upon or nature of the intersecting ways, it is well recognized by all who use our highways that drivers emerging from side roads onto heavily traveled main roads frequently consider it reasonable not to assert their statutory right of way and that those traveling the latter highways often proceed upon this assumption. In this case the defendant himself testified that if he had seen the plaintiff coming he would not have gone out into Route 103, even though he had the right of way, because it would have been a dangerous thing to do. In reaching his conclusion that the defendant intended to yield the right of way, the plaintiff could reasonably consider the comparative nature and uses of the two highways.

In holding that the mere slowing down by the driver of the favored car was not a sufficient indication of that driver's intention to yield the right of way upon which the less favored driver could reasonably so conclude, the opinion in the *Pickard* case did not hold that a slowing down was a factor which could never be considered by the less favored driver. The reasonableness of the latter's conclusion that the slowing down is indicative of the other driver's intention to yield depends upon the circumstances under which the slowing down occurs. The fact that the plaintiff in this case blew his horn was not, in and of itself, an additional factor indicative of the defendant's intention. The fact that he did so when he was within 100 feet of the defendant and within full view of him and that the latter then slowed down did, however, tend to establish some reason for the plaintiff's conclusion as to the other driver's intention, an element that was entirely lacking in the *Pickard* case where no reason whatsoever appeared for the slowing down of the other car and the plaintiff's conclusion was deemed to be a mere guess.

The plaintiff's conclusion that the defendant intended to yield the right of way was reached when he was 60 feet from the

intersection. At that point, he could have slowed or stopped his vehicle and prevented the collision but for the conduct of the defendant which misled him. He was then "a sufficient distance from the point of collision so that the defendant's act in proceeding could be regarded as the sole proximate cause of the collision, to which the plaintiff's continuance . . . did not contribute." *Pickard* v. *Morris, supra,* 68.

Under these circumstances, we cannot say that the factors observed by the plaintiff were so equivocal that a reasonable man in his position could not have concluded as he did that the defendant intended to yield the right of way and that he could pass the intersection without danger of collision.

*Exceptions overruled.*

All concurred.